[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE DEFENDANT CITY OF WATERBURY'S MOTION TO DISMISS AS TO MICHAEL SCATENA
Michael Scatena, ("Plaintiff") who appears pro se and is an inmate of the Department of Corrections, seeks declaratory and injunctive relief ordering the City of Waterbury ("Defendant") to release property records regarding the ownership of all property located at the intersection of Wilson Street and Lawlor Street in the City of Waterbury. Specifically, plaintiff desires the tax and ownership records of 430 Wilson Street and any motor vehicle records the city may have pertaining to the last names of Vargas, Velez, Scatena, Simpson, or Haskel. The plaintiff wishes to use this information in other pending cases including a civil matter involving a claim of slander against witnesses who testified against him in his criminal trial for Harassment in the Second Degree, General Statutes § 53a-183, and Tampering with a Witness, General Statutes § 53a-151 (Docket No. CV00-015928). Plaintiff also asserts that information regarding property owners in certain neighborhoods of Waterbury is essential evidence required by plaintiff to successfully appeal his criminal conviction.
Plaintiff purportedly brings suit under the Connecticut Freedom of Information Act, General Statutes § 1-210 et seq ("FOIA"). Pursuant to the FOIA, plaintiff made several requests of the defendant for both motor vehicle and property records which plaintiff claims are public records. Plaintiff claims that the defendant's lack of reply to these requests constitutes a denial of request for records under FOIA. He brings this direct action against the City of Waterbury to compel the city to produce the requested records. Plaintiff acknowledges that he did not file an administrative appeal of the city's refusal to produce the CT Page 7356 records in question, claiming that because he is an inmate of the Department of Corrections, such an appeal would be futile. Specifically, plaintiff claims that the FOIC has a blanket policy prohibiting incarcerated inmates from filing Freedom of Information Act appeals.
In its motion to dismiss, defendant asserts that this court does not have subject matter jurisdiction over plaintiff's claim because the plaintiff has not exhausted the administrative remedies available to him through the FOIC. Defendant maintains that the plaintiff has not been barred from appealing to the FOIC, simply that the FOIC does not have the authority to transport a prisoner for the purpose of appeal hearings. The FOIC did recommend to the plaintiff that he appoint a third party to represent him in the appeal process. The FOIC further notified the plaintiff that there is no requirement that the designated third party be either a lawyer or member of the legal profession. Defendant argues that the plaintiff has not pursued this avenue and therefore has not exhausted the administrative remedies available to him.
Defendant relies on Pet v. Department of Social Services, 207 Conn. 346
(1988), to support its argument that the plaintiff must exhaust his administrative remedies before the Superior Court can obtain subject matter jurisdiction over this action. The plaintiff in Pet, a psychiatrist, sought injunctive relief in the Superior Court against the Connecticut Department of Health Services. Pet was the subject of disciplinary hearings with the Department of Health Services when he filed the suit for relief. At that time, Pet had at least two more levels of administrative hearings to exhaust within the Department of Health Services itself. The court in Pet identified the remaining administrative remedies as a bar to the court's subject matter jurisdiction and dismissed the suit.
It is well settled that administrative remedies must be exhausted so as to vest subject matter jurisdiction in the superior court. "It is a settled principle of administrative law that, if an adequate administrative remedy exists, it must be exhausted before the Superior Court will obtain jurisdiction to act in the matter." Connecticut Life Health Ins. Guaranty Assn. v. Jackson, 173 Conn. 352, 358-59,377 A.2d 1099 (1977) The Connecticut Supreme Court has created an exception to the exhaustion doctrine where the administrative remedies are "inadequate or futile." The principle of futility, as an exception to the exhaustion doctrine, exists only when a plaintiff can show that availing himself of the available administrative remedy would be futile. The mere fact that the logistics of the remedy would be burdensome does not make the remedy futile. Cahill v. Board of Education of City ofStamford, 198 Conn. 229, 235, 502 A.2d 410, 418 (1985). CT Page 7357
The plaintiff has not exhausted his administrative remedies provided by the FOIA. Accordingly, the motion to dismiss is granted.
 So ordered. ROBERT L. HOLZBERG, J.